IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRED DOUGLAS HOLMES, ) | |
| o/b/o EDWARD CLYDE HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:07-cv-490-MHT-TFM |
| DEPARTMENT OF VETERANS ) | [wo] |
| AFFAIRS, CENTRAL ALABAMA, ) | |
| VETERANS HEALTH CARE ) | |
| SYSTEM, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed June 6, 2007). Pending before the Court is the *Department of Veterans Affairs Motion to Dismiss* (Doc. 7, filed August 6, 2007) and Plaintiff's *Response Brief* (Doc. 13, filed September 21, 2007). For good cause, it is the Recommendation of the Magistrate Judge the Motion to Dismiss be granted.

**I. PARTIES**

*Pro se* plaintiff, Fred Douglas Holmes ("Holmes" or "Plaintiff") is a resident of Alexandria, Virginia.

Defendant Department of Veterans Affairs ("the DVA" or "Defendant") is an agency of the United States. The location of the alleged violation is in Tuskegee, Alabama located

within the Middle District of Alabama.

## II.  JURISDICTION

Jurisdiction has been challenged in Defendant's Motion to Dismiss (Doc. 7). The question of jurisdiction will be addressed in detail below.

## III.  NATURE OF THE CASE & DEFENDANT'S MOTION TO DISMISS

The underlying facts of this case are necessarily viewed in favor of the nonmovant *pro se* Plaintiff. Holmes initiated this action on June 4, 2007. *See* Doc. 1. In his complaint, Holmes asserts his brother, a patient at Central Alabama Veterans Health Care System ("CAVHCS"), was attacked on September 20, 2003 when another patient came into his room and hit him in the mouth. *Id*. at ¶ 5. Three days later, Holmes' brother suffered a stroke. *Id*. He requests restitution for the physical and mental suffering experienced by his brother and the rest of the family. *Id*. at ¶ 6. There is no reference to a specific statute, but the allegations in the complaint lead the Court to believe Holmes asserts a claim under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b)(1) and §§ 2671-2680.

In the pending Motion to Dismiss, Defendant asserts the DVA cannot be sued and the United States would be the proper party. *See* Doc. 7 at ¶¶ 3-4. As such, a FTCA claim against it must be dismissed for want of jurisdiction. *Id*. Defendant asserts in the alternative that even if the Court construes the complaint as a suit against the United States the Court still lacks subject matter jurisdiction as Holmes has not satisfied the administrative claim requirement under the FTCA. *Id*. at ¶¶ 5-7. Thus, Defendant asserts the claim must be dismissed. Holmes filed a response brief on September 21, 2007 wherein he reasserts the

factual allegations pertaining to his brother, but fails to address the merits of Defendant's Motion to Dismiss. *See* Doc. 13.

### IV. STANDARD OF REVIEW

Federal Courts are courts of limited subject matter jurisdiction. A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003); *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997). A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.*; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Further, for the purposes of the court's analysis, the allegations in the plaintiff's complaint are taken as true. *Id*. On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## V. DISCUSSION AND ANALYSIS

**A.     Proper Defendant**

The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(a),(b); *see also Simpson v. Holder*, 184 Fed. Appx. 904, 908 (11th Cir. 2006) (citing statute and *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)); *Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir. 1975) (dismissal of case because United States was proper party instead of Veterans Administration).[1] The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 28 U.S.C. § 1346(b). *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction. *Galvin*, 860 F.2d at 183 (citing *Gregory*, 634 F.2d at 204-05 and *Carr*, 522 F.2d at 1356). For the foregoing reasons, dismissal of the claim is appropriate.

**B.     Administrative Exhaustion as a Prerequisite to Suit**

Before a plaintiff may file suit asserting a claim under the FTCA, the plaintiff must have "first presented the claim to the appropriate Federal agency and his claim have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.

---

[1]     *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

§ 2675(a). Compliance with § 2675(a) is a jurisdictional prerequisite to maintaining a FTCA action. *Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir. 1986); *Simpson*, 184 Fed. Appx. at 908. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). "Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain value of the claim." *Orlando Helicopter Airways v. United States*, 75 F.3d 622, 625 (11th Cir. 1996) (citing *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989)).

Holmes did attach to his complaint a letter dated June 10, 2004 from the Department of Veterans Affairs to Senator John Warner. *See* Doc. 1-2. From the letter, it appears Senator Warner submitted an inquiry on behalf of Holmes requesting a clarification on the incident involving his brother. *Id*. However, the letter does not satisfy the requirements of § 2675. It does not clearly assert a claim nor does it provide a value of the claim. *Id*. There is no other evidence before the Court that Holmes submitted an administrative claim to any governmental entity. As a result, Holmes has not satisfied the jurisdictional prerequisite of filing an administrative claim and therefore his claim is jurisdictionally barred.

## VI.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  *Department of Veterans Affairs Motion to Dismiss* (Doc. 7) be **GRANTED** for lack of subject matter jurisdiction.

(2)     The case be **DISMISSED without prejudice**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 13, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 31st day of October, 2007.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE